Abran E. Vigil
Nevada Bar No. 7548
Timothy R. Mulliner
Nevada Bar No. 10692
BALLARD SPAHR LLP
100 N. City Parkway, Suite 1750
Las Vegas, NV 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
Email: VigilA@ballardspahr.com
Email: MullinerT@ballardspahr.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PLAYERS NETWORK, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION, a Pennsylvania corporation, now known as COMCAST HOLDINGS CORPORATION; COMCAST PROGRAMMING DEVELOPMENT, INC., a Delaware corporation; COMCAST CABLE COMMUNICATIONS, LLC, a Delaware limited liability company; ADVANCED INFORMATION SYSTEMS, INC., a Nevada corporation; and DOES 1-50,<br><br>Defendants. | Case No. 2:14-cv-238<br><br>**NOTICE OF REMOVAL** |

Defendants Comcast Corporation, Comcast Programming Development, Inc., and Comcast Cable Communications, LLC (collectively, "Comcast Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof state as follows:

## I.   Preliminary Statement

1.   In this action, plaintiff Players Network, Inc. ("PN") asserts various claims against Comcast Defendants arising out of a contract dated as of November 1, 2005 between PN and Comcast Programming Development, Inc.  Diversity of

citizenship exists between PN and Comcast Defendants, and PN seeks damages in excess of $150,000,000.

2. In a transparent effort to defeat diversity jurisdiction, PN has also named a Nevada company, Advanced Information Systems, Inc. ("AIS"), as a defendant. However, PN's claims against AIS bear no connection to its claims against Comcast Defendants. Accordingly, AIS should be severed or dismissed from this action pursuant to the doctrine of fraudulent misjoinder.

3. In addition, it is apparent from the face of the Amended Complaint that PN has not stated a viable claim against AIS. Indeed, of the 44 paragraphs of the Amended Complaint containing the alleged factual basis for PN's claims, AIS is even mentioned in only one paragraph. Accordingly, AIS should be severed or dismissed from this action pursuant to the doctrine of fraudulent joinder.

4. The Amended Complaint also purports to name as defendants "Does 1-50." However, fictitious defendants cannot defeat diversity jurisdiction.

5. Accordingly, this action is subject to removal pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1332.

## II. Diversity of Citizenship Exists Between PN and Comcast Defendants

6. PN commenced this action by filing a Complaint in the Eighth Judicial District in Clark County, Nevada (the "State Court") on January 2, 2014.

7. PN filed its Amended Complaint on January 20, 2014. A copy of the Amended Complaint is attached as Exhibit A.

8. PN served the Amended Complaint and a Summons on Comcast Defendants via their registered agent on January 24, 2014, but has not filed proof of service with the State Court. Copies of the Summons served on each of the Comcast Defendants are attached collectively as Exhibit B.

9. This Notice is timely, as it is being filed within 30 days of service of the Amended Complaint, the initial pleading setting forth the claim for relief upon which this action is based. 28 U.S.C. § 1446(b)(1).

2

10. PN is a corporation organized under the laws of Nevada, with its principal place of business in Nevada. Exhibit A, ¶ 1.

11. Comcast Corporation is a corporation organized under the laws of Pennsylvania, with its principal place of business in Pennsylvania. *Id.,* ¶ 2.

12. Comcast Programming Development, Inc. ("Comcast Programming") is a corporation organized under the laws of Delaware, with its principal place of business in Pennsylvania. *Id.*, ¶ 3.

13. Comcast Cable Communications, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in Pennsylvania. *Id.*, ¶ 4; Declaration of Samantha Fisher, attached as Exhibit C, ¶ 4.

14. The sole member of Comcast Cable Communications, LLC is Comcast Holdings Corporation, a corporation organized under the laws of Pennsylvania, with its principal place of business in Pennsylvania. Exhibit C, ¶ 5.

15. The Amended Complaint alleges various claims against Comcast Defendants arising out of a contract dated as of November 1, 2005 between PN and Comcast Programming. Exhibit A, ¶¶ 32-36.

16. The Amended Complaint seeks damages against Comcast Defendants "in an amount in excess of $150,000,000." *Id.*, ¶¶ 58, 62, 66, 71, 77, 81, 85.

17. Accordingly, diversity of citizenship exists between PN and Comcast Defendants, and the amount in controversy exceeds $75,000.

### III. Plaintiff's Claims Against AIS Should Be Severed or Dismissed Pursuant to the Doctrines of Fraudulent Misjoinder and Fraudulent Joinder

18. The Amended Complaint purports to name as a defendant AIS, which is a Nevada corporation with its principal place of business in Nevada. Exhibit A, ¶ 6.

19. Of the 44 paragraphs of the Amended Complaint purporting to set forth the factual basis of PN's claims, 43 paragraphs relate to its claims against

3

Comcast Defendants and just one – paragraph 46 – relates to its claims against AIS. *Id.*, ¶¶ 10-53; ¶ 46.

20. PN's claims against AIS arise out of a contract dated April 23, 2010, *id.*, ¶ 46, more than 4½ years after PN's contract with Comcast Programming.

21. The contract between PN and AIS is separate and distinct from the contract between PN and Comcast Programming.

22. AIS is not a party to the contract between PN and Comcast Programming, and has no relationship with Comcast Defendants. Declaration of Brynn Lev, attached as Exhibit D, ¶¶ 5-6.

23. Indeed, Comcast Defendants had never even heard of AIS prior to being served with the Amended Complaint in this action. *Id.*, ¶ 7.

24. Any claims PN may have against AIS cannot properly be joined with the claims against Comcast Defendants. *See, e.g.,* Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2010) ("unrelated claims against different defendants belong in separate lawsuits"); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."); Greene v. Wyeth, 344 F.Supp.2d 674, 683-85 (D. Nev. 2004) (finding it procedurally improper to join claims which "do not satisfy the same transaction or occurrence requirement" under F.R.C.P. 20(a)(2)(A)).

25. Accordingly, AIS should be severed or dismissed from this action pursuant to the doctrine of fraudulent misjoinder and its citizenship should be disregarded for purposes of determining diversity jurisdiction. *See, e.g.,* Greene v. Wyeth, 344 F.Supp.2d at 683-84 (applying the doctrine of fraudulent misjoinder and holding that "the Court is inclined to sever claims where the joinder is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and interest of justice is best served

4

by severance."); <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir.2000) (same); <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1360 (11th Cir.1996) (same).

26. In addition, PN has failed to state a viable claim against AIS, which, therefore, should be dismissed or severed from this action pursuant to the doctrine of fraudulent joinder. <u>Greene v. Wyeth</u>, 344 F.Supp.2d at 680 (a defendant is "fraudulently joined" when a plaintiff fails to state a claim against it); <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998) (same).

27. Indeed, in the single factual averment in the Amended Complaint directed to AIS, PN refers to a consultation agreement between PN and AIS dated April 23, 2010, more than 4½ years after the execution of the contract between PN and Comcast Programming, but PN never identifies a single term of that agreement, much less how AIS breached it.

28. Absent any cognizable claim against AIS, its citizenship should be disregarded for purposes of determining diversity jurisdiction. <i>See</i> <u>Hood v. Au Optronics Corp.</u>, 34 S.Ct. 736, 745 (2014) ("[A] plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant."); <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d at 1318 (if plaintiff fails to state a cause of action against a defendant, the joinder of such a "sham defendant" is fraudulent); <u>McCabe v. General Foods Corp.</u>, 811 F. 2d 1336, 1338 (9th Cir. 1987) (fraudulently joined defendants should be "eliminated" from the federal case); <u>Smith v. Community Lending, Inc.</u>, 773 F.Supp.2d 941, 946 (D. Nev. 2011) (citizenship of defendants against which no plausible claim is made should be "discounted" from the jurisdictional analysis); <u>Greene v. Wyeth</u>, 344 F.Supp.2d at 683-84 (a defendant is "fraudulently joined" when a plaintiff fails to state a claim against it).

### IV. The Joinder of Does 1-50 Cannot Defeat Diversity Jurisdiction

29. The Amended Complaint also purports to name as defendants "Does 1-50", but alleges no facts or claims as to those defendants.

5

30. The joinder of Doe defendants cannot defeat diversity jurisdiction. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under Section 1332(a) of this title [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded.").

31. In light of the diversity of citizenship between PN and Comcast Defendants, the fraudulent joinder and/or misjoinder of AIS, and the irrelevance of the Doe defendants, this action is subject to removal pursuant to 28 U.S.C. § 1332(a) and § 1441(a).

## V. Comcast Defendants Have Satisfied the Remaining Procedural Requirements for Removal

32. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and (c), 1441(a), and LR IA 8-1(a).

33. A copy of this Notice of Removal will be served upon PN and AIS as required by 28 U.S.C. § 1446(d).

34. A Notice of filing this Notice of Removal will be filed promptly with the Clerk of the State Court in accordance with 28 U.S.C. § 1446 (d), and is attached as Exhibit E.

35. In removing this action to federal court, Comcast Defendants do not waive, and expressly reserve, all rights and defenses they have or may have.

WHEREFORE, Notice is hereby given that this action is removed from the Eighth Judicial District in Clark County, Nevada to the United States District Court for the District of Nevada.

BALLARD SPAHR LLP

February 13, 2014   By: /s/ Timothy R. Mulliner
   Abran E. Vigil
   Nevada Bar No. 7548
   Timothy R. Mulliner
   Nevada Bar No. 10692
   100 North City Parkway, Suite 1750
   Las Vegas, NV  89106
   *Attorneys for Defendants*

DMEAST #18411444 v1

# CERTIFICATE OF SERVICE

I hereby certify that, on the 13th day of February, 2014 and pursuant to Fed. R. Civ. P. 5(b), I served a true and correct copy of the foregoing **Notice of Removal** via U.S. Mail, postage prepaid and addressed to the following:

Barney C. Ales
BARNEY C. ALES, LTD.
P.O. Box 20563
Las Vegas, NV 89112

Barney C. Ales
BARNEY C. ALES, LTD.
222 Guidance Ridge Ct.
Henderson, NV 89012

/s/ Timothy R. Mulliner
An employee of BALLARD SPAHR LLP

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

DMEAST #18411444 v1