Abran E. Vigil
Nevada Bar No. 7548
Timothy R. Mulliner
Nevada Bar No. 10692
BALLARD SPAHR LLP
100 N. City Parkway, Suite 1750
Las Vegas, NV 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
Email: VigilA@ballardspahr.com
Email: MullinerT@ballardspahr.com

*Attorneys for Defendants Comcast
Corporation, Comcast Programming
Development, Inc., and Comcast
Cable Communications, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PLAYERS NETWORK, INC.,

       Plaintiff,

vs.

COMCAST CORPORATION, et al.,

       Defendants.

Case No.  2:14-cv-00238-GMN-GWF

**STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

The following Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged, whether formally or informally, by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

1.      Any party or non-party who provides or has provided information or material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "Confidential" in accordance with the terms of this Protective Order if they in good faith reasonably believe that the Discovery Material contains "Confidential" information.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

2.     For purposes of this Protective Order, materials designated as Confidential Discovery Material are those materials which may include information that is used by the Producing Party in, or pertaining to, its business, which information is not generally known, and which that Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.  Such designated materials shall not include any information that would be required under law to be disclosed to any regulatory agency or governmental entity pursuant to any legal reporting obligations, and no designations under this Protective Order shall be used to prevent or interfere with compliance with any such reporting obligations.

3.     Discovery Material or information derived therefrom shall be used solely for the purposes of this Litigation, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

4.     The designation of Discovery Material as "Confidential" for purposes of this Protective Order shall be made in the following manner by any Producing Party:

a.     in the case of documents or other materials (apart from depositions or other pretrial testimony):  by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" needs only be stamped on the first page of the document for the entire document to be treated as Confidential Discovery Material;

b.     in the case of depositions or other pretrial testimony:   (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all parties within 10 business days of receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as

DMEAST #20226199 v2

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

"Confidential" shall be deemed Confidential Discovery Material. All depositions and other pretrial testimony will be deemed to be Confidential until the expiration of the fourteenth business day after counsel receive a copy of the transcript thereof. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court;

c.      in the case of documents produced in native file form, or that cannot be designated as set forth in Paragraph 4(a): by designating such materials in writing and by affixing a confidentiality designation on the medium containing such documents;

d.      in the case of information incorporated in answers to interrogatories or responses to requests for admission, by placing the appropriate confidentiality designation in the caption of the document; and

e.      in the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

5.      Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential" in a manner consistent with Paragraph 4. The party or parties receiving such supplemental written notice shall thereafter treat materials so designated as "Confidential" and such materials shall be fully subject to this Protective Order as if they had been initially so marked.

6.      Discovery Material designated "Confidential" or its contents shall not be revealed, disclosed or otherwise made known, in whole or in part, to persons, directly or indirectly, other than the following:

a.      the parties to the Litigation, and each party's officers, directors, managers, members, administrators and their respective advisors and

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

DMEAST #20226199 v2

counsel, and employees and former employees, whose assistance is necessary for counsel to prepare the case;

b.      experts or consultants who are not officers, members, managers or employees of any party who are necessary to assist counsel of record in the conduct of this Litigation; provided, however, that any such persons receiving Confidential Discovery Material shall pledge to abide by the terms and conditions of this Protective Order, and shall so evidence such undertaking by signing a confidentiality statement in the form attached as Exhibit A, which shall be maintained by counsel of record for whom such expert or consultant is working and, in the case of testifying experts, shall be disclosed to opposing counsel by the date on which such expert is disclosed, pursuant to any Scheduling Order entered by the Court in this matter, court rule or otherwise.

c.      counsel for parties that have appeared in the Litigation, outside counsel for any party, and regular and temporary employees or vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the action for use in accordance with the terms of this Protective Order;

d.      witnesses or deponents and their counsel who are shown Confidential Discovery Material during the course of depositions or testimony in the Litigation, provided the witness or deponent is advised that this Protective Order requires them to maintain the confidentiality of such information.  In the event that the party showing such Confidential Discovery Material fails to advise the witness or deponent of this obligation, counsel for any other party may advise the witness of the Protective Order and the obligations imposed on the witness or deponent.

e.      any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

4

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

f.      the Court and Court personnel;

g.      court reporters employed in connection with this Litigation; and

h.      any other person upon order of the Court or upon prior written consent of the party that produced the Confidential Discovery Material.

7.      Every person given access to Confidential Discovery Material or information contained therein must be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be used or disclosed other than pursuant to the terms thereof.

8.      Any party or non-party producing Confidential Discovery Material may, by written waiver, or statement on the record at a deposition, permit Confidential Discovery Material to be furnished to a person listed in Paragraph 6. Any Producing Party and that Party's officers, members, managers, employees, and former employees may be examined at trial or during deposition regarding Confidential Discovery Material that such Producing Party produced.   Nothing contained in this Protective Order shall preclude a party from making unrestricted use of any confidential information which such party lawfully obtained from a third-party source without any confidentiality restriction.

9.      All documents of any nature, including briefs, all or part of which have been designated as "Confidential" and which are filed with the Court, shall be filed under seal in accordance with applicable Local Rules.  This Protective Order shall not itself permit the filing of such documents under LR 10-5(b).

10.      Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise agreeing to or complying with the terms of this Protective Order shall not:

a.      operate as an admission by any party that any particular Confidential Discovery Material contains or reflects any type of confidential information;

b.      prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as

5

1  an admission by any party that the restrictions and procedures set forth

2  herein constitute adequate protection for any particular information deemed

3  by any party to be Confidential Discovery Material;

4  c.      prejudice in any way the rights of any party to object to the

5  authenticity or admissibility into evidence of any document, testimony or

6  other evidence subject to this Protective Order;

7  d.      prejudice in any way the rights of a party to seek a determination by

8  the Court whether any Discovery Material or Confidential Discovery Material

9  should be subject to the terms of this Protective Order;

10  e.      prejudice in any way the rights of a party to petition the Court for a

11  further protective order relating to any purportedly confidential information;

12  or

13  f.      prevent the parties to this Protective Order from agreeing to alter or

14  waive the provisions or protections provided for herein with respect to any

15  particular Discovery Material.

16  11.     This Protective Order has no effect upon, and shall not apply to, the

17  parties' use of their own Discovery Material, including Confidential Discovery

18  Material, for any purpose. Nothing herein shall (i) prevent a party from disclosing

19  its own Discovery Material, including Confidential Discovery Material, or other

20  information to officers, managers, members or employees of the Producing Party; or

21  (ii) impose any restrictions on the use or disclosure by a party of documents,

22  materials or information designated as "Confidential" obtained lawfully by such

23  party independently of the discovery proceedings in this Litigation and not

24  otherwise subject to confidentiality restrictions.

25  12.     If any person receiving documents covered by this Protective Order

26  (the "Receiver") is subpoenaed in any other action or proceeding or is served with a

27  document demand, and the subpoena or document demand seeks Discovery

28  Material that was produced or designated as "Confidential" by someone other than

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

6

the Receiver, the Receiver must give prompt written notice by hand, facsimile, or electronic transmission within five business days of receipt of the subpoena or document demand to the person or party who produced or designated the material as "Confidential" and must object to the production of such Discovery Material on the grounds of the existence of this Protective Order.  The burden of opposing the enforcement of the subpoena or document demand will fall on the party who produced or designated the Confidential Discovery Material.  Unless the party who produced or designated the Confidential Discovery Material obtains an order directing that the subpoena or document demand not be complied with, and serves that order on the Receiver by hand delivery before production pursuant to the subpoena or document demand, the Receiver will be permitted to produce documents responsive to the subpoena or document demand on the response date. Compliance by the Receiver with any order directing production pursuant to the subpoena or document demand of any Confidential Discovery Material will not constitute a violation of this Protective Order.

13.     If counsel for a party receiving Confidential Discovery Material believes in good faith that the Receiver is required by law to disclose such Confidential Discovery Material to any person other than those referred to in Paragraph 6, such counsel shall give written notice to counsel for the Producing Party.  Such written notice shall specify the information counsel wishes to disclose and the identity of each person or categories of persons to whom such disclosure is sought to be made. In that event, the Parties shall attempt to resolve the request in good faith on an expedited and informal basis.   If the request cannot be expeditiously and informally resolved, the Receiver, upon reasonable notice, may move for an order of the Court permitting the disclosure of such material to such person.  The Confidential Discovery Material shall not be disclosed unless and until the Court orders that its disclosure to any such person is permissible.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

DMEAST #20226199 v2

14.     If documents or information subject to a claim of attorney-client privilege, work product or any other ground on which production of such documents or information should not be made to any party is inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this Paragraph with respect to documents or information then in the custody of another party, that party shall promptly return to the claiming party or person that material, including all copies, as to which the claim of inadvertent production has been made, and the receiving party shall not use such documents or information for any purpose until further order of the Court.  The party returning such material may then move the Court for an order compelling production of the material, but that motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

15.     In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order.

16.     Non-parties who produce documents pursuant to this Protective Order shall have the benefit of this Protective Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

17.     The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

18.     Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation between the parties in which Confidential

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

8

Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify such destruction in writing. However, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, exhibits, and attorney work product (including Discovery Material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose the Confidential Discovery Material to any person, except pursuant to court order or agreement with the Producing Party. Experts and consultants shall not be obligated to destroy or return their work product that incorporates any of the Confidential Discovery Material. However, none of the work product shall be used by them in any way outside the specific scope of his/her retention as an expert witness in this Litigation, during this Litigation or at any time thereafter.

19.     During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.   While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Protective Order.  The provisions of this Paragraph are not intended to shift the burden of establishing confidentiality as set forth in Paragraph 20.

20.     In any proceeding involving this Protective Order, including compliance with this Protective Order, the Party seeking confidential protection bears the burden of establishing that the information in question is entitled to such protection under appropriate law.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

9

21.     In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceeding.

IT IS SO STIPULATED this 13th day of November, 2014.

BALLARD SPAHR LLP                     BARNEY C. ALES, LTD.

By:  /s/  Timothy R. Mulliner           By: /s/ Barney C. Ales
     Timothy R. Mulliner                     Barney C. Ales
     Nevada Bar No. 10692                    BARNEY C. ALES, LTD.
     100 North City Parkway, Ste. 1750       P.O. Box 20563
     Las Vegas, NV 89106-4617                Las Vegas, NV 89112

*Attorneys for Defendants Comcast            Barney C. Ales
Corporation, Comcast Programming             BARNEY C. ALES, LTD.
Development, Inc., and Comcast Cable         222 Guidance Ridge Ct.
Communications, LLC*                         Henderson, NV 89012

                                        *Attorney for Plaintiff*

                IT IS SO ORDERED:

                _____
                GEORGE FOLEY, JR.
                United States Magistrate Judge

                Dated:  November 14, 2014

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

10

DMEAST #20226199 v2

1

**EXHIBIT A**

2  Abran E. Vigil
   Nevada Bar No. 7548
3  Timothy R. Mulliner
   Nevada Bar No. 10692
4  BALLARD SPAHR LLP
   100 N. City Parkway, Suite 1750
5  Las Vegas, NV 89106
   Telephone: (702) 471-7000
6  Facsimile: (702) 471-7070
   Email: VigilA@ballardspahr.com
7  Email: MullinerT@ballardspahr.com

8  *Attorneys for Defendants Comcast
   Corporation, Comcast Programming
9  Development, Inc., and Comcast
   Cable Communications, LLC*

10

**UNITED STATES DISTRICT COURT**

11

**DISTRICT OF NEVADA**

12

| | |
|---|---|
| PLAYERS NETWORK, INC., | Case No. 2:14-cv-00238-GMN-GWF |
| Plaintiff, | |
| vs. | **CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIAL** |
| COMCAST CORPORATION, et al., | |
| Defendants. | |

18      I have read the Protective Order Governing the Production and Exchange of
19  Confidential Information (the "Order") entered in the above-captioned matter. I
20  understand the terms of the Order, I agree to be fully bound by the Order, and I
21  hereby submit to the jurisdiction of the above-captioned Court for purposes of
22  enforcement of the Order. I understand that any violation of the terms of this
23  Protective Order shall be punishable by relief deemed appropriate by the Court.

24

25  Dated: _____      Signature: _____

26

27                              Printed Name: _____

28

11