# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| PLAYERS NETWORK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:14-cv-00238-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| COMCAST CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion for Judgment on the Pleadings (ECF No. 43) filed by Defendants Comcast Corporation, Comcast Programming Development, Inc., and Comcast Cable Communications, LLC (collectively, "Defendants").  Plaintiff Players Network, Inc. ("Plaintiff") filed a Response (ECF No. 48), and Defendants filed a Reply (ECF No. 50). For the reasons discussed below, Defendants' Motion for Judgment on the Pleadings is **GRANTED.**

## I.   BACKGROUND

This case arises out of a dispute over an agreement (hereinafter "the Agreement") executed between Players Network, Inc. ("Plaintiff") and Comcast Programming Development, Inc. (2d Am. Compl. ("SAC"), ECF No. 1–1).  Plaintiff is a Nevada corporation that produces and sells movie and television programming related to "any type of content in and around the Las Vegas area." (*Id.* ¶¶ 6, 13–14).  Plaintiff alleges that it was approached by Peter Heumiller ("Heumiller") of Comcast Corporation ("Comcast") with a proposed business arrangement in 2004. (*Id.* ¶ 16).  Plaintiff further alleges that Comcast wanted to "develop a channel devoted to gaming and the Las Vegas lifestyle," and wanted Plaintiff "to help build out the new gaming and Las Vegas lifestyle channel for Comcast." (*Id.* ¶¶ 20–21).  Furthermore, Plaintiff alleges

that Heumiller and others at Comcast made various representations regarding the development of the new channel, including the use of "dynamic ad insertion" and Comcast's assistance in getting sponsors and advertisers for the new channel. (*Id.* ¶¶ 22–30).  On October 5, 2005, the parties executed the Agreement, memorializing the parties' intentions to develop the new channel. (*Id.* ¶ 37).

Plaintiff initially brought the instant suit in the Eighth Judicial District Court for the State of Nevada. (*See* Pet. for Removal, ECF No. 1).  On January 20, 2014, Plaintiff filed an Amended Complaint, alleging eight causes of action against Defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) tortious breach of the implied covenant of good faith and fair dealing; (5) fraudulent inducement; (6) tortious interference with prospective economic gain; (7) breach of a consent decree; and (8) declaratory relief. (Am. Compl. ¶¶ 54–87).  Defendants properly removed the case to this Court. (Pet. for Removal, ECF No. 1).

On March 5, 2015, Plaintiff filed its Second Amended Complaint, alleging the following causes of action against Defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) tortious breach of the implied covenant of good faith and fair dealing; (5) tortious interference with prospective economic gain; (6) breach of a consent decree; and (7) fraudulent misrepresentation. (SAC ¶¶ 54–125).

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed— but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, "[a]nalysis under Rule 12(c) is substantially identical to analysis under Rule

1   12(b)(6) because, under both rules, a court must determine whether the facts alleged in the

2   complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.*

3       In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege

4   "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

5   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has

6   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

7   reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

8       The Court, however, is not required to accept as true allegations that are merely

9   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

10  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

11  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

12  violation is plausible, not just possible. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at

13  555).

14  **III.   DISCUSSION**

15      **a.  Breach of the Implied Covenant of Good Faith and Fair Dealing**

16      Plaintiff's Second Cause of Action alleges a claim for breach of the implied covenant of

17  good faith and fair dealing. (SAC ¶¶ 68–88).  In the Court's Order on Defendants' Motion to

18  Dismiss, the Court held that Plaintiff had sufficiently pled its claim for breach of the implied

19  covenant of good faith and fair dealing with regards to an implied contractual obligation that

20  Defendants provide sufficient storage for Plaintiff's programming. (Order 8:14–23, ECF No.

21  36).  However, the Court also held that Plaintiff had not "pled allegations sufficient to support a

22  finding of [dynamic ad insertion] utilization as an implied contractual obligation." (*Id.* 8:4–6).

23  Specifically, the Court held that Plaintiff's reference to middleware technology in the

24  Agreement was insufficient to support a finding of an implied contractual obligation that

25  Defendants utilize dynamic ad insertion. (*Id.* 8:6–9).  Furthermore, the Court held that Plaintiff

could not rely on representations made prior to the execution of the Agreement because of the Agreement's unambiguous integration clause. (*Id.* 8:9–13).

Moreover, the Court did not grant Plaintiff leave to amend this claim to support a claim based on an implied contractual obligation that Defendants utilize dynamic ad insertion. (*Id.* 15:24–16:2).  However, even if the Court had granted Plaintiff leave to amend this claim, Plaintiff's allegations still fail to establish this claim based upon an implied contractual obligation that Defendants utilize dynamic ad insertion.  Thus, the Court grants Defendants' Motion as to this claim and dismisses this claim insomuch as it relates to the implied contractual obligation that Defendants utilize dynamic ad insertion.

### b.  Breach of Fiduciary Duty

Plaintiff's Third Cause of Action alleges that Defendants breached their fiduciary duties they owed to Plaintiff. (SAC ¶ 96).  Under Delaware law, a contract, in itself, does not impose fiduciary duties on the contracting parties. *Satellite Fin. Planning Corp. v. First Nat. Bank of Wilmington*, 633 F.Supp. 386, 401 (D. Del. 1986).  However, Plaintiff asserts that, "[c]oncurrent with the execution of the Contract and by entering into the Contract, the parties hereto publically acknowledged and agreed that they had formed a partnership and/or joint venture relationship to create and develop the Channel." (SAC ¶ 90).

Under Delaware law, a partnership is defined as "the association of 2 or more persons [] to carry on as co-owners a business for profit." 6 Del. C. § 15–202(a) (2010).  Furthermore, to establish a joint venture relationship, "there must be (1) a community of interest in the performance of a common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits, (5) a duty to share in the losses which may be sustained." *Warren v. Goldfinger Bros., Inc.*, 414 A.2d 507, 509 (Del. 1980)

Plaintiff's Second Amended Complaint makes conclusory allegations related to a partnership or joint venture between the parties. (SAC ¶¶ 91–94).  For example, Plaintiff

alleges that "[t]he parties hereto publically acknowledged and agreed they had a community of interest in the joint creation and development of the Channel," and "publically acknowledged and agreed to the joint control or right of control of the Channel as set forth in the [Agreement]." (*Id.* ¶¶ 91–92). However, Plaintiff's conclusory allegations do not support that the parties formed a partnership or joint venture. Moreover, the Agreement does not establish an intent by the parties to form a partnership or joint venture. (*See* Agreement, ECF No. 43-1). Accordingly, Plaintiff has failed to allege that Defendants owed fiduciary duties to Plaintiff. Therefore, the Court finds that Plaintiff has not sufficiently pled a cause of action of breach of fiduciary duty and will grant Defendants' Motion as to this claim.

### c. Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's Fourth Cause of Action alleges that Defendants tortuously breached the implied covenant of good faith and fair dealing. (Am. Compl. ¶ 101). Under Nevada law, a tort claim for breach of the implied covenant of good faith and fair dealing is only allowed under "special circumstances." *Premiere Digital Access, Inc. v. Central Telephone Co.*, 360 F.Supp.2d 1161, 1165 (D. Nev. 2005) (citing *Cincinnati Microwave, Inc. v. Wilson*, 705 F.Supp. 1453, 1456 (D. Nev. 1989). "The tort is generally limited to contractual relationships that involve an unusual element of reliance by one party on the other." *Id.* "These relationships include those found in partnerships, insurance contracts, franchise agreements, and between employers and employees." *Id.*

As discussed above, Plaintiff's Second Amended Complaint does not sufficiently allege a partnership or joint venture among the parties. Additionally, the Second Amended Complaint does not allege any other type of special relationship between the parties. Therefore, the Court finds that Plaintiff has not sufficiently pled a cause of action of tortious breach of the implied covenant of good faith and fair dealing and will grant Defendants' Motion as to this claim.

/ / /

### d. Tortious Interference with Prospective Economic Advantage

Plaintiff's Fifth Cause of Action alleges that Defendants interfered with Players Network's rights of prospective economic gain or advantage. (SAC ¶ 108).  Under Nevada law, this tort has five elements:

> (1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant's conduct.

*Consol. Generator–Nev., Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1255 (Nev. 1998) (per curiam) (quotation omitted).

Here, Plaintiff makes conclusory allegations related to this claim. (SAC ¶¶ 104–111). For example, Plaintiff alleges that it "had prospective contractual relationships with interested advertisers and sponsors of the Channel and the programming content created and developed for the Channel." (*Id.* ¶ 105).  Additionally, Plaintiff alleges that "Defendants knew, or should have known, of [Plaintiff]'s prospective contractual relationships with interested advertisers and sponsors of the Channel and the programming content created and developed for the Channel." (*Id.* ¶ 106).  Likewise, Plaintiff's remaining allegations merely recite these elements in conclusory fashion. (*Id.* ¶¶ 107–11).  Therefore, the Court finds that Plaintiff has not sufficiently pled a cause of action of tortious interference with prospective economic advantage and will grant Defendants' Motion as to this claim.

### e. Fraudulent Misrepresentation

In its Second Amended Complaint, Plaintiff brings a new fraudulent misrepresentation claim. (SAC ¶¶ 116–25).  However, the Court did not grant Plaintiff leave to add new claims not included in its Amended Complaint. (Order 15:24–16:2).  Thus, the Court grants Defendants' Motion as to this claim and dismisses this claim.

**f. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

However, Plaintiff has had an opportunity to amend these claims and has not cured the deficiencies identified by the Court.  Accordingly, the Court finds that further amendment would be futile.

**IV.   <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (ECF No. 43) is **GRANTED**.  The following claims are dismissed with prejudice: (1) breach of the implied covenant of good faith and fair dealing insomuch as is premised on an implied contractual obligation that Defendants utilize dynamic ad insertion; (2) breach of fiduciary duty; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) tortious interference with prospective economic advantage; and (5) fraudulent misrepresentation.

**DATED** this 11th day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge